UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOPEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICOLD LOGISTICS, LLC, a Delaware company,<br><br>Defendant. | No. 1:20-cv-00308-NONE-EPG<br><br>ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING REGARDING JOINT STIPULATION OF SETTLEMENT, RELEASE OF INDIVIDUAL CLAIMS, AND REQUEST FOR DISMISSAL OF CLASS CLAIMS<br><br>(Doc. No. 17) |

The court has received and reviewed the parties' joint stipulation of settlement (Doc. No. 17), which, among other things, requests a judicial finding that the settlement of plaintiff's potential individual claims brought under the Fair Labor Standards Act ("FLSA") are fair and reasonable. This matter is related to a separate wage and hour class action, *Contreras v. Americold Logistics LLC*, No. 19-cv-641-GW-SHKx (C.D. Cal.), in which plaintiff was a putative class member but chose to opt out. (*See* Doc. No. 17 ¶¶ 3–8.) In this case, the total settlement calls for defendant to pay $16,000 to resolve all pending claims as follows: (1) $1,000 shall constitute consideration for plaintiff's release of his potential FLSA claims; (2) $6,000 shall constitute consideration for all other state law claims; and (3) $9,000 shall be paid in the form of a check made payable to plaintiff's counsel. (*Id.* ¶ 12.)

The court cannot properly evaluate the proposed settlement on the present record. The court refers the parties to a recent order issued by the undersigned in a similar, albeit not identical, matter involving the stipulated settlement of an individual FLSA claim. *Vasquez v. Crane Cartage, LLC*, No. 1:19-cv-00657-DAD-SKO, 2020 WL 4547444 (E.D. Cal. Aug. 6, 2020). The present record in this case does not provide the court with the information needed to engage in the requisite analysis. For example, counsel provides a single paragraph explaining that a $1,000 payment for the FLSA claim is fair because $6,000 is provided to settle the state law claims. (*See* Doc. No. 17-1 ¶ 9.) Yet counsel offers no basis for the court to find that such a ratio is fair, let alone that a $6,000 settlement of the state law claims is fair and reasonable under the circumstances relevant to plaintiff. Nor have the parties even attempted to explain why the attorney's fee award anticipated under their settlement agreement is fair and reasonable under the circumstances.

Accordingly, within thirty (30) days from the date of this order, the parties are directed to file a supplement to their stipulation that briefly directs the court to information that will enable it to perform its duties. To the extent any such information is contained within the records of the *Contreras* case, the parties may direct the court to those materials but must do so with specific document and page references.

IT IS SO ORDERED.

Dated: **June 9, 2021**

UNITED STATES DISTRICT JUDGE